IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH RAE TWO HEARTS,<br><br>Defendant. | CR-11-10-GF-DLC-RKS-03<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Mr. Two Hearts was accused of violating his conditions of supervised release by failing to complete mandatory programs at a Residential Re-entry Center. He admitted to the violations. He should be ordered to serve 12 months in custody, with no supervised release to follow.

## II. Status

Mr. Two Hearts plead guilty to theft from a tribal organization in 2011. CD 66. The offense consisted of Mr. Two Hearts and two co-defendants breaking into

1

the Fort Peck Community College Bookstore and stealing merchandise. CD 43. He was sentenced to four months imprisonment, with three years supervised release to follow. CD 95. Mr. Two Heart's supervised release was revoked in January 2012 for alcohol consumption and failure to attend substance abuse treatment. He was ordered to spend eight months in custody, with 28 months supervised release to follow. CD 113. His supervised release was revoked again in December 2012, for failure to complete community service and failure to attend substance abuse treatment. He was ordered to serve six months in custody and 22 months on supervised release, with the first six months of his supervised release to be spent in a Residential Re-Entry Facility. CD 138. Mr. Two Hearts was placed at the Alpha House, in Billings, Montana, on May 28, 2013.

**Petition**

The United States Probation Office filed a petition on June 27, 2013, asking the court to revoke Mr. Two Hearts' supervised release. CD 144. The petition alleged that Mr. Two Hearts violated Special Condition #1 of his supervised release by refusing to attend various therapeutic sessions or complete assigned tasks at the Alpha House. The Alpha House sought to have Mr. Two Hearts removed for his non-compliance. CD 144. Based on the petition, the undersigned issued a warrant for Mr. Two Hearts' arrest. CD 145.

**Initial Appearance**

Mr. Two Hearts was arrested on July 2, 2013. He made an initial appearance before United States Magistrate Carolyn Ostby that day. CD 146. He was accompanied by Federal Defender David Merchant. The court appointed Mr. Merchant to represent Mr. Two Hearts in the initial appearance, and appointed Federal Defender Evangelo Arvanetes to represent him in subsequent proceedings. Assistant United States Attorney Brendan McCarthy represented the United States. Mr. Two Hearts said he had read the petition. He waived his right to a preliminary hearing. A revocation hearing was scheduled for July 18, 2013, before the undersigned in Great Falls, Montana.

**Revocation Hearing**

Mr. Two Hearts appeared at the revocation hearing before the undersigned with his attorney, Mr. Arvanetes. Assistant United States Attorney Ryan Weldon represented the United States. The undersigned explained the Findings and Recommendations procedure, informing Mr. Two Hearts that the undersigned would submit a recommendation to United States District Judge Dana L. Christensen, who would decide on revocation and sanctions. Mr. Two Hearts was advised of his right to object to the recommendation, and to appear and allocute before Judge Christensen.

Mr. Two Hearts admitted to violating a condition of his supervised release, as alleged in the petition. The undersigned found the admission sufficient to establish a violation, and believes the violation requires revocation of Mr. Two Hearts' supervised release.

The undersigned calculated Mr. Two Hearts' potential sanction as follows: His violation grade is C, his criminal history category is I, and his underlying offense is a class D felony. He could be ordered to serve up to 24 months in custody. The United States Sentencing Guidelines call for three to nine months in custody. Mr. Two Hearts could be ordered to serve up to 22 months on supervised release, less any custodial time imposed. Mr. Weldon and Mr. Arvanetes agreed with those calculations.

Mr. Arvanetes requested a sanction of a custodial term near the high end of the guideline range, but with no additional supervised release. Mr. Arvanates noted that Mr. Two Hearts was originally sentenced to only four months imprisonment, but has already served much more time than that for supervised release violations. He argued that Mr. Two Hearts has now learned humility and respect for the court.

Mr. Two Hearts addressed the court. He apologized for his non-compliance. He said he had learned from his mistakes, and understands that he must follow the

rules.

Mr. Weldon requested a sanction of 12 months in custody, with no supervised release to follow. Mr. Weldon argued that supervised release has failed in Mr. Two Hearts' case because he has repeatedly violated conditions. He argued the court should depart upward from the guidelines both as an alternative to additional supervised release and because Mr. Two Hearts has violated conditions so many times. Mr. Weldon noted that Mr. Two Hearts' probation officer believes Mr. Two Hearts has potential.

### III. Analysis

Mr. Two Hearts' supervised release should be revoked. He violated the conditions by choosing to simply ignore program requirements at the pre-release center. He has repeatedly failed to comply with conditions in the past.

A sanction of 12 months incarceration should be imposed. The upward departure from the guideline range is appropriate because Mr. Two Hearts has, time after time, willfully violated even simple conditions of his supervised release. The additional custodial time is also justified as a substitute for additional supervised release. No further supervised release should be imposed because it serves no purpose in Mr. Two Hearts case. He has proven himself unwilling to comply with the conditions, even in the controlled environment of the residential

re-entry center.

Despite his many instances of non-compliance, Mr. Two Hearts does appear capable of abiding by the law if he so chooses.

## IV. Conclusion

Mr. Two Hearts was advised that the above sentence would be recommended to Judge Christensen. He was reminded that he may object to this recommendation within 14 days of its issuance. He was also reminded of his right to appear and allocute before Judge Christensen, so long as he properly objects to this recommendation.

The court **FINDS:**

1. Mr. Two Hearts violated Special Condition #1 of his supervised release by refusing to participate in required programs at the Residential Re-entry Center at which he was ordered to reside.

The court **RECOMMENDS:**

1. The District Court should enter the attached Judgment, revoking Mr. Two Hearts supervised release and committing him to the custody of the United States Bureau of Prisons for 12 months.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 19th day of July, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge