

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 11-10-GF-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOSEPH RAE TWO HEARTS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case was referred to United States Magistrate Judge Keith Strong for a revocation hearing and findings and recommendations. Judge Strong entered findings and recommendations on July 19, 2013. He found that Two Hearts violated Special Condition #1 of his supervised release by failing to complete mandatory programs at the Alpha House, a Residential Re-entry Center. Because Two Hearts has repeatedly violated his supervised release conditions in the past, Judge Strong recommends that this Court revoke Two Hearts' supervised release and commit him to the custody of the United States Bureau of Prisons for 12 months. No objections have been filed by either party, and Judge Strong's findings and recommendations are therefore reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach, Inc.*, 656 F.2d 1309, 1319 (9th Cir. 1981).

This Court agrees with Judge Strong's findings that Two Hearts violated Special Condition #1 of his supervised release. Two Hearts admitted to the violation at his revocation hearing before Judge Strong. Judge Strong correctly notes that the United States Sentencing Guidelines call for three to nine months in custody, and Two Hearts could serve up to 22 months on supervised release, less any custodial time imposed. Judge Strong recommends a sentence of 12 months incarceration. Two Hearts did not object to Judge Strong's recommendation.

An upward departure from the guidelines is appropriate here because Two Hearts has repeatedly violated the conditions of his supervised release. Two Hearts' supervised release was revoked for alcohol consumption and failure to attend substance abuse treatment in January 2012. His supervised release was again revoked in December 2012 for failure to attend substance abuse treatment and for failure to complete community service. The additional time in custody serves as a substitute for additional supervised release, because, as his repeated violations suggest, Two Hearts does not seem to benefit from supervised release.

This Court agrees that a sentence of 12 months in custody followed by no supervised release is appropriate given Two Hearts' history of supervised release violations. Accordingly, the Court will adopt Judge Strong's recommendation in full.

IT IS ORDERED that Judge Strong's Findings and Recommendations (doc. 152) are ADOPTED in full and Judgment shall be entered accordingly.

Dated this ___8th___ day of August, 2013.

Dana L. Christensen, District Judge
United States District Court